**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>TIO MIO, INC. d/b/a LA TERRAZA BAR & RESTAURANT, et al.,<br><br>Defendants. | Civil Action No. 25-16892 (ZNQ) (RLS)<br><br>**MEMORANDUM OPINION AND ORDER** |

**SINGH, United States Magistrate Judge.**

**THIS MATTER** comes before the Court upon a Motion by Plaintiff Capitol Specialty Insurance Corporation ("Plaintiff" or "Capitol") to extend the time to serve Defendant Nery Flores ("Flores") and for leave to serve Flores by substituted means, namely by regular mail and certified mail to his residence (the "Motion"). (Doc. No. 12). No timely opposition has been filed. The Court has fully considered Plaintiff's written submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below and good cause shown, the Court **GRANTS** Plaintiff's Motion.

## I. BACKGROUND AND PROCEDURAL HISTORY

On October 24, 2025, Plaintiff initiated this declaratory judgment action regarding any of its rights and obligations under a commercial general liability insurance

policy that it issued to Defendant Tio Mio, Inc. d/b/a La Terraza Bar & Restaurant ("Tio Mio"), bearing policy number CS18000835, effective from March 5, 2019 to March 5, 2020 (the "Policy"). (*See generally* Doc. No. 1; *see also* Doc. No. 12-1 at ¶ 4). Plaintiff disputes whether it owes any obligations under the Policy terms and exclusions to Defendants based on claims asserted in a separate litigation pending in this District, in which Defendant Will Smith ("Smith") asserts personal injury claims against Tio Mio as well as Defendant Polivio Penafiel ("Penafiel"),[1] among others (the "Underlying Action"). *See Smith v. Comacho, et al.*, Civil Action No. 22-380 (ZNQ) (RLS) (D.N.J.); (*see* Doc. No. 12-1 at ¶ 4). In relevant part, Plaintiff seeks a declaration that it may terminate its defense of the Tio Mio Defendants in the Underlying Action. (*See* Doc. No. 12-1 at ¶¶ 5-6). In the alternative, Plaintiff seeks a declaration that any obligation to indemnify the Tio Mio Defendants is limited to $50,000 pursuant to the Policy. (*See* Doc. No. 12-1 at ¶ 7). As of the date of this Memorandum Opinion and Order, Plaintiff has served all Defendants except Flores. (*See* Doc. No. 12-1 at ¶ 8; Doc. No. 12-3 at ECF p. 6 (citing Doc. Nos. 5, 7)).

### A. ATTEMPTS TO SERVE FLORES

Plaintiff has made multiple attempts to formally serve Flores. In an effort to locate Flores, Plaintiff conducted a "Person Locater" search through Lexis, which returned an address of 916 Grand Street, Trenton, New Jersey 08610 (the "Grand Street

[1] Tio Mio, together with Penafiel, are herein referred to collectively as the "Tio Mio Defendants."

Address"). (*See* Doc. No. 12-1 at ¶ 9). Plaintiff then engaged a process server through Guaranteed Subpoena Service, Inc., who attempted to serve Flores on October 29, November 4, and November 5, 2025. (*See* Doc. No. 12-1 at ¶ 10; Doc. No. 12-2, Exs. A-B).[2]

In his sworn affidavit, the process server avers that he attempted to serve Flores at the Grand Street Address on November 4, 2025 at 12:41 p.m. and on November 5, 2025 at 12:19 p.m. (*See* Doc. No. 12-2, Ex. A at ECF p. 2 and Ex. C at ECF p. 6). He further avers that, after he left his contact information, he spoke with Flores, who would not accept service "after being advised by his attorney not to" and told the process server "not [to] come to the residence with documents."[3] (Doc. No. 12-2, Ex. A at ECF p. 2). The process server opined that Flores "is evading" service. (*See* Doc. No. 12-2, Ex. A at ECF p. 2).

The process server represented that he went to Flores's residence three times and Flores called the process server "three separate times" to purportedly make appointments to be served at noon on November 5, 2025. (*See* Doc. No. 12-1 at ¶ 13;

---

[2] Counsel avers that all three attempts were made at the Grand Street Address. (Doc. No. 12-1 at ¶ 10). However, the process server's affidavit for the October 29, 2025 attempt lists the address as "916 Grant St[.] Trenton NJ 08609" and reports that Flores was "unknown at the location." (Doc. No. 12-2, Ex. B at ECF p. 4). The record does not explain the difference in the street name and zip code to clarify if this was a typographical error or a separate location. Regardless, the difference does not alter the Court's analysis.

[3] The process server's affidavit and notes are written entirely in capital letters. The Court omits the capitalization when quoting them.

Doc. No. 12-2, Ex. C at ECF p. 6).[4] However, the process server reported that, while en route to the Grand Street Address for the November 5, 2025 attempt at service, Flores called him to say that his attorney advised him not to accept service. (Doc. No. 12-2, Ex. C at ECF p. 6). According to the process server, the conversation became argumentative and threatening. (*See* Doc. No. 12-2, Ex. C at ECF p. 6).

### B. THE MOTION

On the instant Motion, Plaintiff contends that it has exercised due diligence in attempting to serve Flores and that Flores has avoided service. (*See* Doc. No. 12-3 at ECF pp. 11-12). Plaintiff asks the Court to extend the time to serve Flores by sixty days and to permit service upon Flores by sending copies of the Summons and Complaint by regular mail and certified mail to the Grand Street Address. (*See* Doc. No. 12-3 at ECF pp. 5, 11-12; Doc. No. 12-4). Plaintiff further posits that Flores would not be prejudiced from the requested extension or substituted service because this action is in its earliest stages and the statute of limitations has not run; in contrast, if the Court were to deny the Motion, Plaintiff would not have a remedy against Flores. (*See* Doc. No. 12-3 at ECF p. 12).

[4] Unlike the process server's affidavit, the notes are unsworn and are before the Court through an email attached to counsel's Declaration. (*See* Doc. No. 12-1 at ¶ 13; Doc. No. 12-2, Ex. C at ECF p. 6). The notes are consistent with the sworn affidavit, and the Court considers them for the limited purpose of assessing Plaintiff's diligence.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4 sets forth the mechanism for effectuating service. Fed. R. Civ. P. 4. Subsection (e) provides that a party may effectuate service on an individual within the United States pursuant to applicable state law—which is New Jersey here—or through a method specifically authorized by Rule 4(e)(2) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(e). Rule 4(e)(2) permits service on an individual by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

New Jersey Court Rules provide that personal service is the "primary method of obtaining in personam jurisdiction over a defendant in [the] State[.]" N.J. Ct. R. 4:4-4(a). If personal service cannot be made after "diligent effort and inquiry[,]" New Jersey Court Rule 4:4-4 permits substituted or constructive service through certain methods. N.J. Ct. R. 4:4-4(b). Among those methods—if established by affidavit "that despite diligent effort and inquiry personal service cannot be made"—a plaintiff may serve an individual by "mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to . . . a competent

individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode[.]" N.J. Ct. R. 4:4-4(b)(1)(C). However, if a plaintiff cannot effectuate service through any of the modes provided for under the New Jersey Court Rule, "any defendant may be served as provided by court order, consistent with due process of law." N.J. Ct. R. 4:4-4(b)(3).

To proceed with substituted service, a plaintiff must demonstrate due diligence consistent with New Jersey Court Rule 4:4-5(b). *See* N.J. Ct. R. 4:4-5(b); *Mizrahi v. Anna*, No. 23-2462, 2023 WL 7273725, at *9 (D.N.J. Nov. 3, 2023). Diligence is a fact-sensitive inquiry "'measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant.'" *H.D. Smith, LLC v. Prime Rite Corp.*, No. 16-294, 2016 WL 3606785, at *2 (D.N.J. July 5, 2016) (quoting *Modan v. Modan*, 327 N.J. Super. 44, 48 (App. Div. 2000)). To satisfy the diligent inquiry requirement, courts generally require the plaintiff to follow up on information it possesses or can reasonably obtain, pursue reasonable leads, and utilize reasonably available methods to locate the defendant. *See, e.g.*, *Mizrahi*, 2023 WL 7273725, at *9-10. However, diligence "does not necessarily mean a plaintiff take every conceivable action." *H.D. Smith*, 2016 WL 3606785, at *2.

Once due diligence is established, the Court considers whether the proposed alternate method of service comports with due process. *See* N.J. Ct. R. 4:4-4(b)(3); *H.D. Smith*, 2016 WL 3606785, at *2. Due process requires that there be "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of

the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *see also O'Connor v. Altus*, 67 N.J. 106, 126 (1975).

Further, Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must effectuate service within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). However, upon a showing of good cause for the failure to timely serve, "the court must extend the time for service for an appropriate period." *Id.* To determine if good cause exists: "The district court first determines whether good cause exists for a plaintiff's failure to effect timely service. If good cause exists, the extension must be granted. If good cause does not exist, the district court must consider whether to grant a discretionary extension of time." *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997); *see also Petrucelli v. Bohringer & Ratzinger, GmbH*, 46 F.3d 1298, 1305 (3d Cir. 1995). The Court assesses good cause based on the plaintiff's proffered reasons for not meeting the time limit. *Boley*, 123 F.3d at 758.

## III. DISCUSSION

On the present Motion, Plaintiff sets forth the unsuccessful efforts to personally serve Flores. For the Court to grant Plaintiff leave to serve Flores through alternative means, Plaintiff must first show that it exercised due diligence in attempting to serve him. If Plaintiff has met that burden, then the Court considers whether the proposed alternate means of service comports with due process. The Court also considers if good cause exists to extend the time within which Plaintiff may serve Flores.

Here, Plaintiff demonstrates due diligence in its efforts to serve Flores. Plaintiff conducted a Lexis "Person Locater" search to identify Flores's address and then sent a process server to that address on multiple dates and at different times. (*See* Doc. No. 12-1 at ¶¶ 9-10; Doc. No. 12-2, Exs. A-B). Notably, those efforts led to direct contact with Flores himself. Flores spoke with the process server to make an appointment to meet for purposes of effectuating service. On the day of the appointment, however, Flores called the process server to advise him that he would not accept service on advice of counsel. (*See* Doc. No. 12-2, Ex. A at ECF p. 2, Ex. C at ECF p. 6). Flores also told the process server not to go to "the residence" with documents. (Doc. No. 12-2, Ex. A at ECF p. 2).

Courts have found reasonable diligence where a plaintiff has made "multiple attempts at personal service at a verified address coupled with confirmation that a defendant resides at the address." *Kapanadze v. Hutchings*, No. 25-3861, 2026 WL 764400, at *3 (D.N.J. Mar. 17, 2026) (citations omitted). Diligence "does not necessarily mean a plaintiff take every conceivable action." *H.D. Smith*, 2016 WL 3606785, at *2.

Based on this record, the Court may reasonably infer that Flores resides at the Grand Street Address. Plaintiff has proffered the Lexis search results, the process server's account of having been to Flores's "house" three times, and Flores's statement that the process server not return to "the residence" with legal documents. (*See* Doc. No. 12-1 at ¶ 9; Doc. No. 12-2, Ex. A at ECF p. 2, Ex. B at ECF p. 4, Ex. C at ECF p. 6). Such efforts were all undertaken at the Grand Street Address. Moreover, the record

indicates that Flores is aware of Plaintiff's attempts to serve him and yet chooses not to accept service. Under these circumstances, further attempts at personal service at the Grand Street Address would likely be futile. Accordingly, the Court finds that Plaintiff has exercised the diligence necessary to serve Flores through alternate means.

Next, the Court evaluates if Plaintiff's proposed substituted means of service through regular and certified mail to the Grand Street Address comports with notions of due process. On this record, the Court finds that it does. Plaintiff's proposed method is consistent with the New Jersey Court Rules which permit substituted service, following a showing of diligent effort and inquiry, on an individual at his dwelling or usual place of abode. *See* N.J. Ct. R. 4:4-4(b)(1)(C). Plaintiff establishes that Flores is associated with the Grand Street Address and is on notice of Plaintiff's efforts to serve him. Service on Flores by regular mail and certified mail to the Grand Street Address, together with a copy of this Memorandum Opinion and Order, is reasonably calculated, under all the circumstances, to apprise Flores of the pendency of this action and afford him an opportunity to present his objections. *See Mullane*, 339 U.S. at 314; *O'Connor*, 67 N.J. at 126. For those reasons, the Court finds good cause to grant Plaintiff's request to serve Flores by the proposed substitute means.

Plaintiff also seeks to extend the time to effectuate service on Flores. Plaintiff filed the Complaint on October 24, 2025, and thus the ninety-day period to serve Flores expired on January 22, 2026. *See* Fed. R. Civ. P. 4(m). Although Plaintiff filed the instant Motion after the expiration of that time period, good cause exists here to extend

Plaintiff's deadline to serve Flores.[5] As discussed above, Plaintiff has demonstrated due diligence in attempting to serve Flores, and its failure to serve him stems from Flores's apparent avoidance of service rather than any lack of effort by Plaintiff. Further, Flores, who is aware of Plaintiff's efforts to serve him, will suffer little, if any, prejudice from a modest extension at this early stage of the case. Therefore, the Court grants Plaintiff's request to extend the time to serve Flores by sixty (60) days from the date of this Memorandum Opinion and Order.

## IV. CONCLUSION

Therefore, for the foregoing reasons, Plaintiff has established due diligence in attempting to serve Flores, and its proposed method of substituted service comports with due process. Further, good cause exists to extend the time for Plaintiff to serve Flores. Accordingly, for good cause shown,

**IT IS** on this **21st** day of **October 2026** hereby

**ORDERED** that Plaintiff's Motion to Extend Time for Service of Process and for Substituted Service (Doc. No. 12) is **GRANTED**; and it is further

---

[5] Plaintiff relies in part upon Federal Rule of Civil Procedure 6(b), which permits the Court to extend a deadline for good cause if the request is made "before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A); (*see* Doc. No. 12-3 at ECF p. 8). Because Plaintiff filed the Motion after the time to serve under Rule 4(m) had expired, that subsection does not apply here. Federal Rule of Civil Procedure 4(m), nevertheless, expressly provides that the Court may extend the time for service after the ninety-day period has run if Plaintiff can show good cause for the failure to serve within that timeframe. Fed. R. Civ. P. 4(m).

**ORDERED** that Plaintiff's time to effectuate service, consistent with this Memorandum Opinion and Order, on Defendant Nery Flores is hereby extended to sixty (60) days from the date of entry of this Memorandum Opinion and Order; and it is further

**ORDERED** that Plaintiff may serve Defendant Nery Flores by mailing the Summons, the Complaint, and a copy of this Memorandum Opinion and Order by certified mail, return receipt requested, and simultaneously by regular mail, addressed to Defendant Nery Flores at 916 Grand Street, Trenton, New Jersey 08610; and it is further

**ORDERED** that Plaintiff shall file proof of service on the docket within ten (10) days of effecting service as authorized herein; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry Number 12.

**SO ORDERED.**

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**