**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**CAPITOL SPECIALTY INSURANCE CORPORATION,**

Plaintiff,

v.

**TIO MIO, INC., *et al.*,**

Defendants.

Civil Action No. 25-16892 (ZNQ) (RLS)

**OPINION**

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Dismiss the Counterclaim of Defendant Will Smith ("Smith") ("Counterclaim," ECF No. 8), filed by Plaintiff Capitol Specialty Insurance Corporation ("CSIC") (the "Motion," ECF No. 15.) CSIC filed a moving brief in support of the Motion ("Moving Br.," ECF No. 15-1.) Smith filed an opposition. ("Opp'n Br.," ECF No. 16.) CSIC filed a reply. ("Reply Br.," ECF No. 19.)

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT** the Motion and **DISMISS** Smith's Counterclaim without prejudice.

## II. BACKGROUND

This case involves insurance coverage obligations of CSIC regarding an incident that occurred in December 2019 at Tio Mio, Inc.'s ("Tio Mio") restaurant/bar, a/k/a La Terraza, located in Trenton, New Jersey ("La Terraza"). (Compl., ECF No. 1, ¶ 5.)

1. The Incident and the Underlying Action

At the time, Tio Mio owned La Terraza and employed Defendants Penafiel and Flores as officers of Tio Mio, who took part in the ownership and/or operation of La Terraza, and Smith was employed as a bouncer at La Terraza. (*Id.* ¶¶ 26–28.) On December 21, 2019, Smith and a customer of Tio Mio, who was purportedly intoxicated, engaged in an altercation at La Terraza (the "Incident"). (*Id.* ¶ 29.) As a result of the Incident, Smith filed a complaint in the District of New Jersey on December 21, 2021 against Tio Mio, Penafiel, Flores (collectively, "Defendants"), and others, alleging that Defendants negligently served alcohol to a visibly intoxicated customer and failed to provide a safe workplace, resulting in the violent assault and battery of Smith by the customer (the "Underlying Action").[1] (*Id.* ¶¶ 30–31; Ex. 1.) The insurance policy at issue is a commercial general liability policy issued by CSIC to Tio Mio, bearing policy number CS18000835, effective from March 5, 2019 to March 5, 2020 (the "Policy"). (*Id.* ¶ 13.)

In response to the filing of the Underlying Action, by letters dated February 23, 2022 and October 17, 2022, CSIC disclaimed coverage to Defendants under Coverage A of the Policy pursuant to the Policy's Liquor Liability Exclusion, Employer's Liability Exclusion and Injury to Workers Endorsement, but agreed to defend them in the Underlying Action under the liquor liability coverage subject to a reservation of rights based upon the Employer's Liquor Liability Exclusion, and subject to the $50,000 sublimit set forth in the Assault and Battery Sublimit. (*Id.*

[1] The case caption for the Underlying Action is *Smith v. City of Trenton, et al.*, Civ. No. 22-cv-00380 (D.N.J.)

¶ 32.) The letters also requested information concerning Defendants' relationship with Smith, but Defendants did not respond. (*Id.* ¶ 33.) Thereafter, CSIC and Tio Mio's defense counsel reached out to Defendants via telephone, emails, and letters in 2023 to obtain information to assist with the defense of the Underlying Action, but Defendants did not respond. (*Id.* ¶ 34.) As a result, CSIC hired an investigator to assist with contacting Defendants, but the investigator was not successful. (*Id.* ¶ 35.) In June 2025, Defendants' depositions were scheduled in the Underlying Action, but Defendants failed to respond to CSIC's efforts to schedule and prepare for the depositions. (*Id.* ¶¶ 36–37.) By letter dated July 22, 2025, CSIC advised Defendants about the need for their cooperation in the investigation and defense of the Underlying Action, including with respect to their depositions, and the potential that Defendants would lose coverage under the Policy due to failure to cooperate, but Defendants again failed to respond. (*Id.* ¶ 38.)

2. The Complaint for Declaratory Judgment and Smith's Counterclaim

On October 24, 2025, CSIC filed the present Complaint for Declaratory Judgment, alleging that it is entitled to a declaration that it has no duty to defend or indemnify Defendants in connection with the Underlying Action and that CSIC may terminate its defense of Defendants in the Underlying Action: (i) based upon the coverage exclusions in the Policy, or alternatively, (ii) based upon Defendants' failure to cooperate in the investigation and defense of the Underlying Action. (*Id.* ¶¶ 41–47.) The Complaint names Smith but seeks no relief against him.

In response to CSIC's Complaint, Smith filed an Answer and a two-count Counterclaim. (ECF No. 8.) In Count I, Smith seeks a declaratory judgment declaring that: (1) CSIC owes a duty to defend and indemnify Defendants; (2) that no exclusions in the Policy bar coverage; (3) that the $50,000 sublimit is unenforceable; and (4) the Liquor Liability Coverage applies. In Count II, Smith seeks a declaratory judgment declaring that: (1) CSIC has waived, is estopped, and barred

by laches and unreasonable delay from asserting the coverage defenses raised in CSIC's Complaint; and (2) that CSIC must provide a full defense and indemnify Defendants consistent with the Policy. The present Motion followed.

## III. SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 given that the parties are diverse and the amount in controversy exceeds $75,000.

## IV. LEGAL STANDARD

### A. RULE 12(b)(6)

A challenge to a plaintiff's prudential standing to assert a claim as a third party is properly brought by a motion to dismiss under Rule 12(b)(6).[2] *See Potter v. Cozen & O'Connor*, 46 F.4th 148, 157 (3d Cir. 2022). A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*,

[2] The parties' briefing correctly invokes Rule 12(b)(6), but refers generically to Smith's "standing" to bring a claim. It is "prudential standing" that governs his right to sue in this instance rather than the more oft-considered Article III standing. *See Franchise Tax Bd. of Cal. v. Alcan Aluminium Ltd.*, 493 U.S. 331, 335 (1990) ("We have treated standing as consisting of two related components: the constitutional requirements of Article III and nonconstitutional prudential considerations.") (citation omitted).

578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663). "Counterclaims must meet the same pleading standards as affirmative claims, and motions to dismiss counterclaims for failure to state a claim are evaluated under the same standards as motions to dismiss affirmative claims." *Dill v. Yellin*, 725 F. Supp. 3d 471, 480 (D.N.J. 2024).

On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Lastly, generally, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). But where a document is "integral to or explicitly relied upon in the complaint," it "may be considered without converting the motion to dismiss into one for summary judgment" under Rule 56. *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022).

## V. <u>DISCUSSION</u>

The crux of this dispute is whether Smith has standing to bring a declaratory judgment action against CSIC — Count I of the Counterclaim — notwithstanding that he has not obtained a final judgment in the Underlying Action.[3] CSIC seeks dismissal of the Counterclaim pursuant to Rule 12(b)(6) on the basis that Smith does not, and cannot — as an injured third party — establish standing to bring the Counterclaim pursuant to the Policy. CSIC, bearing the burden of persuasion, offers two threshold contentions: first, CSIC argues that Smith lacks standing because he is not a party or a third-party beneficiary under the Policy; second, CSIC contends that given Smith's

[3] CSIC also moves to dismiss Count II of Smith's Counterclaim, which alleges waiver, estoppel, and laches against CSIC. (Counterclaim ¶¶ 33–41.)

foreign status to the Policy, he ultimately lacks standing as an injured third party because he has not obtained an unsatisfied judgment or settlement against Defendants, the insureds under the Policy.

In opposition, Smith does not argue that he is a party to the Policy, nor does he contend that he is a third-party beneficiary under the Policy. Nonetheless, Smith insists that he has standing to bring the Counterclaim because he "does not initiate an independent action seeking damages from [CSIC, but rather] asserts a compulsory counterclaim under Rule 13(a) in response to [CSIC's] own declaratory judgment action under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202." (Opp'n Br. at 5.) And as a result, Smith argues that pursuant to New Jersey law, "an injured claimant's rights are derivative of the insured's rights under the policy." (*Id.* at 7 (citing *Ross v. Lowitz*, 222 N.J. 494, 512–13 (2015)). But, as set forth below, *Ross* neither defeats well-established standing law in this context, nor did it involve a declaratory judgment action brought by an injured third party. *Ross*, 222 N.J. at 514–15 (affirming the dismissal of the injured third party's claims against the insurer because there was no indication that the insurer and the insured intended the third party to be a beneficiary of the insurance policy). In essence, Smith attempts to bypass prudential standing law by framing Rule 13(a) so as to exempt his Counterclaim from satisfying the Rule 12(b)(6) pleading standard.

The Court does not accept Smith's compulsory counterclaim argument under Rule 13(a). That the Counterclaim does not "initiate an independent action" is of no moment as the Court's standing analysis does not change between Claimants and Counterclaimants because the Counterclaim is still a "direct cause of action against the insurer of the tortfeasor prior to the recovery of judgment against the latter." *Jenkins*, 357 N.J. Super. at 312. The mere assertion of a compulsory counterclaim does not erase Smith's obligation to satisfy the Rule 8 pleading standard

— here, to plead his standing to bring the Counterclaim. Moreover, Smith's assertion that the remedial purpose of the Declaratory Judgment Act — to resolve uncertainty and afford complete relief and permit the adjudication of insurance obligations in a single proceeding — does not save the Counterclaim. He is still entitled to defend against CSIC's Complaint for declaratory judgment (which essentially seeks declarations inverse to his Counterclaim) in this action. (Opp'n Br. at 7 (citing *Zirger v. Gen. Accident Ins. Co.*, 144 N.J. 327, 338 (1996))); *see also Carrasquillo v. Kelly*, Civ. No. 17-4887, 2018 WL 1806871, at *2 (E.D. Pa. Apr. 17, 2018) ("[A]n injured third party has standing ***to defend*** itself in a declaratory judgment action brought by an insurer against its insured and the injured third party.") (emphasis in original) (citing *American Automobile Ins. Co. v. Murray*, 658 F.3d 311 (3d Cir. 2011); *Federal Kemper Insurance Co. v. Rauscher*, 807 F.2d 345 (3d Cir. 1986))[4], *abrogated on different grounds by Zaftr Inc. v. Kirk*, 760 F. Supp. 3d 275, 288–90 (E.D. Pa. 2024) (holding that dismissals of injured third party cases for lack of standing are made pursuant to Rule 12(b)(6) rather than Rule 12(b)(1) as held in *Carrasquillo*). That is because, as Smith aptly points out, the result of CSIC's declaratory judgment action directly impacts Smith's avenues for potential recovery should he prevail in the Underlying Action. But Smith's cited authority do not suggest, and Smith fails to cite to any precedent to support the notion that an injured third party has standing to *assert* a declaratory judgment action against an insurer, absent a final judgment or settlement in the relevant underlying personal injury action.

While the parties are less than clear on this point, it is prudential standing that bars Smith's way. "[P]rudential standing requirements are not derived from Article III," but rather are a "set of judge-made rules . . . meant to help the courts 'avoid deciding questions of broad social import

---

[4] In *American Automobile* and *Rauscher*, the insurance company initiated the declaratory action and named the insured and the injured third party as defendants. The Third Circuit specifically analyzed whether an injured party had standing to assert a defense when named in a declaratory action brought by the insurance company.

where no individual rights would be vindicated and to limit access to the federal courts to those best suited to assert a particular claim.'" *Potter*, 46 F.4th at 154 (quoting *Freeman v. Corzine*, 629 F.3d 146, 154 (3d Cir. 2010)). "To establish standing under these principles, a litigant must assert its 'own legal interests rather than those of third parties,' which also must be 'within the zone of interests intended to be protected by the statute, rule, or constitutional provision on which the claim is based' and not merely 'abstract questions of wide public significance which amount to generalized grievances.'" *Zaftr*, 760 F. Supp. 3d at 286–87 (quoting *Oxford Assocs. v. Waste Sys. Auth. of E. Montgomery Cty.*, 271 F.3d 140, 146 (3d Cir. 2001)). "Because arguments under this prudential doctrine are [ ] 'non-jurisdictional' and 'present[ ] only merits . . . concerns,' the proper course [is] for the District Court to "treat [CSIC's] motion to dismiss for lack of [ ] standing as a motion under Rule 12(b)(6), instead of 12(b)(1)." *Id.* at 288 (quoting *Potter*, 46 F.4th at 157–58 (vacating order of dismissal under Rule 12(b)(1) and remanding for consideration of the issue under Rule 12(b)(6)).

To that end, it is well-settled under New Jersey law[5] that injured third parties do not have the right to directly sue an insurance company to recover on a judgment rendered against the insured absent a right expressly created by the policy, a statute, or through assignment. *Rivera v. Starstone Specialty Ins. Co.*, Civ. No. A-2345-21, 2024 WL 1364419, at *2 (N.J. Super. Ct. App. Div. Apr. 1, 2024). As the *Rivera* court explained:

> "In order to demonstrate standing, a plaintiff must have a 'sufficient stake in the outcome of the litigation, a real adverseness with respect to the subject matter, and there must be a substantial likelihood that the plaintiff will suffer harm in the event of an unfavorable decision.'" *Garden State Equality v. Dow*, 434 N.J. Super. 163, 197 (App. Div. 2013) (quoting *New Jersey Citizen Action v. Riviera Motel Corp.*, 296 N.J. Super. 402, 409–10 (App. Div. 1997)). In the context of insurance disputes, an injured person generally possesses

[5] The parties' briefing assumes without providing a basis that New Jersey law applies. Accordingly, the Court applies New Jersey law for the purposes of this motion.

> no direct cause of action against the insurer of the tortfeasor prior to recovery of judgment. *President v. Jenkins*, 357 N.J. Super. 288, 312 (App. Div. 2003) (citing *Cruz-Mendez v. ISU/Ins. Servs.*, 156 N.J. 556, 566-67 (1999)). "In general, 'a stranger to an insurance policy has no right to recover the policy proceeds.'" *Crystal Point Condo. Ass'n, Inc. v. Kinsale Ins. Co.*, 251 N.J. 437, 448 (2022) (quoting *Ross v. Lowitz*, 222 N.J. 494, 512 (2015)).

*Id.*

In essence, Count I of the Counterclaim is an assertion of the legal interests of the Policy-insureds, Tio Mio and its agents, not Smith. Thus, even assuming everything that Smith alleges in his Counterclaim is true, he fails to state a counterclaim for declaratory judgment (Count I). The Court will accordingly dismiss Count I without prejudice.[6] In the meantime, Smith will have every opportunity to defend against the Complaint and CSIC's declaratory judgment claim with respect to CSIC's duty to indemnify and/or defend Defendants, which is the proper avenue by which Smith may represent his own interests at this stage.

As noted, Smith also brought a claim against CSIC for waiver, estoppel, and laches (Count II) for its purported delay in seeking declaratory relief as to coverage in connection with the Underlying Action. The Court will dismiss Count II without prejudice on the same basis as Count I's dismissal — Smith's lack of standing to bring a direct action against CSIC.[7]

---

[6] To be clear, the dismissal is without prejudice to Smith seeking to add an appropriate claim against CSIC should he obtain a judgment in the Underlying Action.

[7] Standing issue aside, the Court would otherwise dismiss Count II on the grounds CSIC note in its brief: waiver, estoppel, and laches are traditionally and exclusively defenses to causes of action, not direct causes of action themselves. *See Gant v. Ragone*, Civ. No. 20-01727, 2020 WL 6797125, at *9 (D.N.J. Nov. 19, 2020) ("Under New Jersey law, equitable estoppel is not recognized as an independent claim for relief."); *Democratic Party of N.J., Inc. v. Devine*, Civ. No. 22-01268, 2022 WL 4976616, at *11 (D.N.J. Oct. 4, 2022) (in New Jersey laches is an affirmative defense); *Atl. City Assocs. LLC v. Carter & Burgess Consultants, Inc.*, Civ. Nos. 05-3227 (NLH), 05-5623, 06-3735, 2008 WL 8743624, at *5 (D.N.J. Mar. 27, 2008) (citing Fed. R. Civ. P. 8(c)) ("waiver is an affirmative defense").

## VI. CONCLUSION

For the reasons stated above, the Court will **GRANT** CSIC's Motion. Accordingly, the Court will **DISMISS WITHOUT PREJUDICE** Smith's Counterclaim. No leave to amend will be granted at this time. An appropriate Order will follow.

Date: November 20, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**